# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**ELIEZER RODRIGUEZ-SANCHEZ, et al.,**

    **Appellants,**

    v.

**RUSHMORE LOAN MANAGEMENT SERVICES, et al.,**

    **Appellee.**

**CIVIL NO. 17-1300 (PAD)**

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

Eliezer Rodríguez-Sánchez and María Luis De Jesús appeal from the bankruptcy court's judgment dismissing a complaint with prejudice in an adversary proceeding. For the reasons that follow, the decision is AFFIRMED.

## I. BACKGROUND

On June 16, 2014, Rodríguez filed a petition for relief under Chapter 7 of the United States Bankruptcy Code. See, Bankruptcy Case No. 14-4889 (ESL). On September 29, 2014, he received a discharge on the authority of 11 U.S.C § 727.[1] On April 20, 2016, he and De Jesús initiated Adversary Case No. 16-0083 (ESL), requesting relief against Rushmore Loan Management Services "and/or" Roosevelt Cayman Asset Company "and/or" Roosevelt Management Company for alleged violations of the discharge order (Docket No. 9-2, pp. 12-16). On May 4, 2016, Rushmore was served by first-class mail with copy of the complaint, but Roosevelt Cayman and

---

[1] A bankruptcy discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2); Pratt v. Gen. Motors Acceptance Corp. (In re Pratt), 462 F.3d 14, 17 (1st Cir. 2006).

Roosevelt Management were never served. On June 24, 2016, appellants requested default judgment.

On August 9, 2016, Rushmore moved for an extension of time to file a responsive pleading, which the bankruptcy court granted, and followed up with a motion to dismiss. To that end, it asserted that it was not a party in Bankruptcy Case No. 14-4889, had not filed a proof of claim, and had not received notices of the filing of the bankruptcy case or of the corresponding discharge order (Docket No. 9-1, pp. 3-6); further pointing out that neither Roosevelt Cayman and Roosevelt Management had been served with process, had been creditor of appellants, or had attempted collection efforts on them (Docket No. 9-1 at p. 3, 6 ¶¶ 16, 20).

On September 21, 2016, the bankruptcy court entered the following Order: "Plaintiff shall show cause within thirty (30) days why the motion to dismiss filed by defendant (docket #13) should not be granted. Upon failure to timely reply, the motion to dismiss will be granted" (Docket No. 14 in Adversary Proceeding 16-083 (ESL)). On October 24, 2016 – after the deadline expired – appellants moved for an extension of 30 days to respond. Id. at Docket No. 19. On October 31, 2016, the bankruptcy court granted the extension. Id. at Docket No. 20. By January 19, 2017, however, appellants had not responded, leading Rushmore to reiterate its dismissal request. Id. at Docket No. 22.[2] On January, 27, 2017, the bankruptcy court granted the request (Docket No. 9-1, p. 1); dismissed the case with prejudice (id.); and entered judgment. Id. at p. 2.

On February 6, 2017, the appellants moved for reconsideration arguing, among other things, that the joinder and service of process issue could be remedied by allowing an Amended Complaint including Roosevelt Cayman Asset Company and Roosevelt Management Company

---

[2] Although appellants' brief refers to the motion filed at Docket No. 22 – which the bankruptcy court granted when it dismissed the case (see, Docket No. 9 at n. 35) – a copy of the motion was not included in the record.

LLC as defendants, and providing an extension to serve those entities with process (Docket No. 29 of Adversary Proceeding 16-083 (ESL)). Yet, they did not address the lack of notice issue that Rushmore had raised. Id. On February 15, 2017, the bankruptcy court denied appellants' motion for reconsideration. Id. at Docket No. 33. This appeal ensued.

## II. DISCUSSION

The court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1). It reviews the bankruptcy court's conclusions of law *de novo* and findings of fact for clear error. See, e.g., Donarumo v. Furlong (In re Furlong), 660 F.3d 81, 86 (1st Cir.2011); Madrid-Pérez v. Bowles Custom Pools & Spa, Inc., 523 B.R. 346, 347-348 (D.P.R. 2014). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed. Anderson v. Bessemer City, 470 U.S. 564, 573 (1985); In re González-Ruiz, 341 B.R. 371, 375 (1st Cir. BAP 2006) Cabral v. Shamban (In re Cabral), 285 B.R. 563, 571 (1st Cir. BAP 2002); Gray v. Travelers Ins. Co. (In re Neponset River Paper Co.), 231 B.R. 829, 830 (1st Cir. BAP 1999). If the trial court's account of the evidence is plausible in light of the record reviewed in its entirety, a reviewing court may not reverse even if convinced that it would have weighed the evidence differently as a trier of fact. Anderson, 470 U.S. at 574.

Appellants challenge the bankruptcy court's decision to grant Rushmore's motion to dismiss.[3] Having carefully reviewed the arguments, submissions of counsel and the record on appeal that appellants submitted, the court finds no reason to alter the bankruptcy court's decision. By agreeing on the grounds in support of the motion to dismiss, the bankruptcy court found that,

---

[3] Among other things, they touch on the subject of involuntary dismissals for failure to prosecute or to comply with rules. But the bankruptcy court did not dismiss the case for lack of prosecution, albeit the record would support a finding that appellants failed to properly prosecute their action before the bankruptcy court.

as it appeared from the allegations in the complaint and the record of bankruptcy case 14-4889, Rushmore was not a party in the case in which appellants obtained the discharge order. Along the same line, Rushmore (i) did not receive notice of the filing of the bankruptcy case or the order of discharge that resulted from that case; and (ii) may not be held liable for any alleged damages arising from violation of the discharge order. See, In re Pratt, 462 F.3d 14, 19 (1st Cir. 2006)(a creditor violates the discharge injunction when it (1) *has notice* of the debtor's discharge; (2) intended the actions which constituted the violation; and (3) acts in a way that improperly coerces or harasses the debtor).[4]

Finally, as to the Roosevelt Cayman and Roosevelt Management, none was served with process such that the bankruptcy court lacked personal jurisdiction over them. Moreover, they were never appellants' creditor, and never attempted collection efforts on them. Appellants even concede to this fact in their reply brief (Docket No. 17 at ¶ 3, noting that their intention was to sue only the company that was doing the collection efforts)

### III. CONCLUSION

In view of the foregoing, plaintiffs' request on appeal is DENIED. The bankruptcy court's decision is AFFIRMED. Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 9th day of March, 2018.

> s/Pedro A. Delgado-Hernández
> PEDRO A. DELGADO-HERNÁNDEZ
> United States District Judge

---

[4] See also, Winslow v. Salem Five Mortgage Co., LLC, 391 B.R. 212, 215 (Bankr.D.Me. 2008)(noting, while analyzing Pratt, that a creditor with the requisite knowledge and intent will be liable for damages if, under an objective test, it has "acted in such a way as to 'coerce' or 'harass' the debtor improperly."); In re Schlichtmann, 375 B.R. 41, *95 (Bankr.D.Mass.2007)(same).